IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                :
Herminio Peralta Peña &
María Antonia Montas Rodriguez:     CASE NO. 04-00365 SEK

     DEBTOR                     :     CHAPTER 7

--------------------------------

## OPINION AND ORDER

Before this court is Debtors' motion to set aside the dismissal of the case for improper service which is granted for the following reasons.

On May 19th, 2004, Juan Fernández Burgos (the "Creditor"), filed a motion to dismiss Debtors' petition due to their attempt to defraud the court by selling land to a close relative, and for failing to notify Creditor of his bankruptcy filing.  Creditor certified he notified the motion to the former Chapter 7 Trustee and Debtors' attorney to their addresses of record.  Debtors did not oppose the motion, and we dismissed the case.

Two weeks later, Debtors sought to set aside the dismissal as they never received a copy of the motion.  Creditor opposed vacating the dismissal claiming notifying the motion to Debtor's attorney and the Trustee on the same day that it was filed through regular mail (which were not returned for insufficient postage or incorrect address), was sufficient.

## DISCUSSION

The issue before us is whether Creditor gave notice of its motion to dismiss required by Fed. R. Bankr. P. 9014.  This Rule states that in a contested matter, a motion shall be served in the manner provided for service of a summons and complaint by



Rule 7004 Fed. R. Bankr. P. 9014.  Bankruptcy Rule 7004(b)(9) provides that service shall be made: "Upon the debtor, after a petition has been filed by or served upon the debtor and until the case is dismissed or closed, ... _and_, if the debtor is represented by an attorney, to the attorney at the attorney's post-office address." (Emphasis added.)  Fed. R. Bankr. P. 7004(b)(9).  The conjunctive nature of the rule requires notice to both debtor and his attorney.  In re Gloria Nieves-Rolon, No. 91-2466CCC (D.P.R. filed Sept. 2, 1992).  Therefore, the Creditor did not comply with applicable rules 9014 and 7004(b)(9).  Thus, any judgment or order entered as a result of the improperly served motion is void for lack of personal jurisdiction. In re Maloni, 282 B.R. 727 (BAP 1st Cir 2002).

WHEREFORE, order dismissing this case is vacated and set aside.  We grant the Creditor thirty days to serve the motion to the Debtors at their addresses of record.  Should Creditor not comply with this order, then the motion to dismiss is denied.

SO ORDERED, in San Juan, Puerto Rico, on July 8, 2005.

SARA DE JESUS
U.S. Bankruptcy Judge